UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY WILSON,

    Plaintiff,

vs.

OAKLAND COUNTY
PROSECUTOR OFFICE,

    Defendant.
_____/

Civil Action No.
09-CV-13298

HON. BERNARD A. FRIEDMAN

## OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE COMPLAINT AS FRIVOLOUS AND FOR FAILURE TO STATE A CLAIM

This matter is presently before the court on plaintiff's application to proceed in forma pauperis. For the following reasons, the court shall (1) grant the application and therefore allow the complaint to be filed without prepayment of the filing fee, and (2) dismiss the complaint because it is frivolous and fails to state a claim upon which relief may be granted.

Pursuant to 28 U.S.C. § 1915(a)(1), the court may permit a person to commence a lawsuit without prepaying the filing fee, provided the person submits an affidavit demonstrating that he/she "is unable to pay such fees or give security therefor." In the present case, plaintiff's application to proceed in forma pauperis makes the required showing of indigence. The court shall therefore grant the application and permit the complaint to be filed without requiring plaintiff to prepay the filing fee.

Pro se complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the court is required by statute to dismiss

an in forma pauperis complaint if it

> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In other words, a complaint is frivolous if "based on an indisputably meritless legal theory" or "clearly baseless" facts or "a legal interest which clearly does not exist" or "fantastic or delusional scenarios." *Id.* at 327-28.  A complaint fails to state a claim upon which relief may be granted if, while viewing the facts in the light most favorable to plaintiff, it is clear "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

In the present case, the complaint is both frivolous and fails to state a claim.  The hand-written jumble that purports to be a complaint does nothing more than list some of plaintiff's previously dismissed lawsuits.[1]  There is no short and plain statement of the claim, as required by Fed. R. Civ. P. 8(a).  In fact, no allegations of any kind are made against the defendant.  Further, the defendant is not an entity possessing the capacity to be sued.  In addition to "$20,000 million dollors" in damages, plaintiff appears to be requesting "DISCOVERY AND REOPENINGS, U.S.D.C. 02-CV-0716."  The court does not recognize this case number.  Nor do any of plaintiff's previously dismissed cases bear a similar case number.  Even assuming such a case existed, the complaint suggests no reason how a civil action that was dismissed seven years ago could conceivably be "reopened."  Accordingly,

---

[1] A search of the court's electronic filing system reveals that plaintiff has filed approximately 80 lawsuits in this court since 1988.

IT IS ORDERED that plaintiff's application for leave to proceed in forma pauperis is granted. The complaint is filed and the filing fee need not be prepayed.

IT IS FURTHER ORDERED that the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) because it is both frivolous and fails to state a claim.

|  |  |
|---|---|
|  | S/Bernard A. Friedman_____ |
| Dated: August 28, 2009 | BERNARD A. FRIEDMAN |
| Detroit, Michigan | UNITED STATES DISTRICT JUDGE |

I hereby certify that a copy of the foregoing document
was served upon counsel of record by electronic and/or first-class mail.

S/Carol Mullins
Case Manager